UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SILA NUNEZ,

    Petitioner,

v.                                                                               Case Nos: 2:18-cv-708-FtM-38CM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**[1]

Petitioner, proceeding *pro se*, initiated this case by filing a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1, constructively filed October 22, 2018),[2] challenging her conviction and sentence entered in Case No. 2:17-cr-87-FtM-38CM. Upon consideration of the § 2255 motion and in accordance with

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Clerk received and docketed Petitioner's § 2255 motion on October 25, 2018. Under the "mailbox rule," a prisoner's motion is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because the motion does not contain a date-stamp indicating the date Petitioner delivered the motion to prison officials, the Court deems the date of filing to be October 22, 2018, the date Petitioner certifies she placed the motion in the prison mailing system.

the *Rules Governing Section 2255 Cases for the United States District Courts*, it is

**ORDERED:**

    (a)    The Government shall, within **NINETY (90) DAYS** from the date of this Order, file a response indicating why the relief sought in the motion should not be granted.

    (b)    As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

        (1)    State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

        (2)    Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial pleading, but in no case later than thirty (30) days after the filing of the initial pleading;

        (3)    Summarize the results of any direct appellate relief sought by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding.[3]

        (4)    Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period set forth in 28 U.S.C. § 2255. **If Respondent concludes that the petition was not filed within the limitation period, a limited response may be filed attaching only those portions of the record necessary to support the conclusion that the petition was not timely filed**.

---

[3] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the re-litigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

(c) Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Assistant U.S. Attorney assigned to this case and listed on the docket.

(d) Petitioner shall advise the Court of any change of address. Failure to do so may result in the case being dismissed for failure to prosecute

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record
U.S. Attorney's Office